**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION**

**JOE MOORE,**

      **Plaintiff,**

**vs.**                                                        **Case No.  1:26cv93-MW-MAF**

**TRAVIS ARRINDEL,
HANNAH COHEN, and
KEVIN MCCLANAHAN,
and MADALINA DANESCU,**

      **Defendants.**
**_____/**

## REPORT AND RECOMMENDATION

Plaintiff, proceeding pro se, initiated this case by submitting a complaint, ECF No. 1, and an in forma pauperis motion, ECF No. 2.  The in forma pauperis motion was sufficient and was granted, but the complaint was not.  An Order was entered, ECF No. 4, requiring Plaintiff to file an amended complaint in compliance with the Local Rules of this Court and Federal Rule of Civil Procedure 8.  Plaintiff was provided additional guidance about the complaint's deficiencies and directed to file an

amended complaint on the Court's form by May 25, 2026.[1]  *Id.*  Plaintiff was warned that if he failed to comply, a recommendation would be entered to dismiss this case.  *Id.*

As of this day, nothing further has been received from Plaintiff.  He did not comply, nor did he file a notice of voluntary dismissal pursuant to Fed. R. Civ. P. 41(a).  It appears that Plaintiff has abandoned this case.

"A district court, as part of its inherent power to manage its own docket, may dismiss a case sua sponte" when a Plaintiff "fails to prosecute or" otherwise comply with a court order.  *See* Ciosek v. Ashley, No. 3:13cv147-RV-CJK, 2015 WL 2137521, at *2 (N.D. Fla. May 7, 2015); *see also* N.D. Fla. Loc. R. 41.1.  The Eleventh Circuit Court of Appeals has noted that "[w]hile dismissal is an extraordinary remedy, dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion."  Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989).  It is within this Court's discretion and "inherent authority" to dismiss a case for failing to comply with a court Order.  Smith v. Bruster, 424 F. App'x 912, 915 (11th Cir. 2011).  Here Plaintiff was

---

[1] Because Plaintiff is not incarcerated, he does not have the benefit of the "prison mailbox rule" and additional time after a court imposed deadline.

Case No. 1:26cv93-MW-MAF

forewarned and did not respond to a Court Order.  Because Plaintiff has

failed to prosecute this case, dismissal is appropriate.

## RECOMMENDATION

It is respectfully **RECOMMENDED** that this case be **DISMISSED** for

failure to prosecute and failure to comply with a Court Order.

**IN CHAMBERS** at Tallahassee, Florida, on May 28, 2026.


 S/     Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**



## NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations.  Fed. R. Civ. P. 72(b)(2).  A copy of the objections shall be served upon all other parties.  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  Fed. R. Civ. P. 72(b)(2).  Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.  If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**